# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

JOSE ORTEGA,

    Petitioner,

v.                                                           CV 15-0775 JCH/CEG

JOHN SANCHEZ, *Warden*,

    Respondent.

## ORDER DENYING MOTION TO APPOINT COUNSEL

**THIS MATTER** is before the Court on Defendant's *Motion to Appoint Counsel*, (Doc. 2), filed on September 1, 2015.

"[T]here is no constitutional right to counsel beyond the appeal of a criminal conviction, and[,] . . . generally[,] appointment of counsel in a § 2254 proceeding is left to the court's discretion." *Swazo v. Wyoming Dept. of Corrs. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir. 1994). Counsel in a habeas proceeding may be appointed at any time prior to an evidentiary hearing[1] when the interests of justice so require. Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (permitting appointment of counsel at any stage pursuant to 18 U.S.C § 3006A, which, in turn, provides for appointment of counsel where "the court determines that the interests of justice so require . . ."). Where, as here, an individual is proceeding *in forma pauperis* under 28 U.S.C. § 1915, the Court weighs several factors in determining whether to appoint counsel.[2] Those factors include "the merits of the

---

[1] Counsel must be appointed in a habeas case when an evidentiary hearing is warranted. *Swazo*, 23 F.3d at 333; Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

[2] The Tenth Circuit has not explicitly stated whether the factors for considering appointment of counsel for individuals proceeding *in forma pauperis* under § 1915(e)(1) are also to be considered for inmates seeking habeas relief, but that appears to be the case. *See Engberg v. Wyoming*, 265 F.3d 1109, 1121-22 (10th

litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quotations omitted); *Williams v. Meese*, 926 F.2d 994, 996-97 (10th Cir. 1991).

Defendant's sole assertion in his request for counsel is that he "is without funds or assets with which to retain counsel in the matter." (Doc. 2). Such is insufficient to warrant the appointment of counsel. Moreover, the Court has reviewed the Petition and finds that Defendant appears to understand the issues in his case and appears to be representing himself in an intelligent and capable manner. (*See* Doc. 1). Therefore, his request for appointment of counsel will be denied at this time.

**IT IS THEREFORE ORDERED** that Defendant's *Motion to Appoint Counsel*, (Doc. 2), is **DENIED**.

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE

---

Cir. 2001) (applying the factors in *Meese,* 926 F.2d at 996-97, to a habeas case in which the petitioner was not proceeding under § 1915).