IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOSE ORTEGA,

    Petitioner,

v.                                                                             CV 15-0775 JH/CEG

STATE OF NEW MEXICO,

    Respondent.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on Petitioner Jose L. Ortega's *Petition Under 28 U.S.C. 2254 for a Writ of Habeas Corpus* ("Petition"), (Doc. 1), filed September 1, 2015 and Respondent's *Answer to Jose Ortega's Pro Se Petition for Writ of Habeas Corpus (28 U.S.C. § 2254) [Doc 1]* ("Answer"), (Doc. 7), filed October 2, 2015. United States District Judge Judith C. Herrera referred this case to Magistrate Judge Carmen E. Garza to perform legal analysis and recommend an ultimate disposition of the case. (Doc. 5).

After considering the parties' filings and the relevant law, the Court **RECOMMENDS** that the Petition be **DISMISSED WITHOUT PREJUDICE**, unless Petitioner amends his complaint during the objection period to assert only the exhausted claim.

    **I.**     **Procedural Background**

Petitioner is an inmate at the Springer Correctional Center in Springer, New Mexico. (Doc. 1). Petitioner was charged with homicide by vehicle, which arose out of a December 5, 2011 car accident that resulted in the death of another driver. (Doc. 7, Ex.

A). His first jury trial for the present case ended with a mistrial due to manifest necessity on July 24, 2013. (Doc. 7, Ex. C). Subsequently, a retrial began on October 1, 2013. (Doc. 7, Ex. D). Over Petitioner's objection, Dr. Rong-Jen Hwang from the State of New Mexico's Scientific Laboratory Division provided expert testimony on retrograde extrapolation. *Id.* Retrograde extrapolation is "the practice of working backward to prove blood alcohol content (BAC) at a time prior to testing." (Doc. 7 at 2). Dr. Hwang used the method to determine what Petitioner's BAC was at the time of the accident. *Id.* at 3. On October 3, 2013, a jury found Petitioner guilty of third-degree homicide by vehicle (driving while under the influence) (DWI). (Doc. 7, Ex. A). Because Petitioner had previously been convicted of a DWI within the past decade, his six-year term of imprisonment was enhanced to ten years, with a two year suspension, and two years of supervised parole. *Id.*

On February 20, 2014, Petitioner filed a direct appeal of his conviction alleging three grounds for relief: (1) Dr. Hwang was not properly qualified to testify as to reverse extrapolation; (2) the evidence was insufficient to support the conviction; and (3) he was denied effective assistance of counsel. (Doc. 7, Ex. E, F). In his memorandum in opposition to the New Mexico Court of Appeals' ("NMCOA") proposed summary affirmance, Petitioner clarified his first ground for relief, stating that Dr. Hwang's testimony was not trustworthy because "Dr. Hwang was forced to make several assumptions that severely undercut the reliability of the retrograde extrapolation." (Doc. 7, Ex. H). NMCOA affirmed the decision on October 14, 2014. (Doc. 7, Ex. I).

NMCOA held: (1) Petitioner did not preserve the argument that Dr. Hwang was not qualified to testify on reverse extrapolation and that factual assumptions made by

Dr. Hwang were supported by evidence in the record; (2) there was sufficient evidence to support Petitioner's conviction; and (3) Petitioner did not assert how his trial counsel's performance was deficient or how he suffered prejudice. (Doc. 7, Ex. G, I). On November 12, 2014, through counsel, Petitioner filed a petition for a writ of certiorari. (Doc. 7, Ex. J). The New Mexico Supreme Court denied his writ on December 8, 2014. (Doc. 7, Ex. K).

Petitioner did not file a state habeas corpus petition, but used a state court habeas form to file his federal habeas petition on September 1, 2015. (Doc. 1). Petitioner raised nine claims in this Petition, which the Court construes as follows[1]:

1) Ineffective Assistance of Counsel
    a. Petitioner claims that his counsel failed to argue against a mistrial; and
    b. Petitioner claims that his counsel failed to argue against the state re-filing the case after the mistrial.
2) Petitioner claims that his enhanced sentence is a violation of Double Jeopardy.
3) Petitioner claims that the twenty-two months he spent in pre-trial detention violated his Speedy Trial Rights.
4) "Prejudice"
    a. Petitioner claims that he was prejudiced because he is a Mexican National;
    b. Petitioner claims that there was no proof beyond a reasonable doubt that he was drunk during the accident; and
    c. Petitioner claims that "[t]he extrapolation evidence presented and held in testimony was and is but a mere introduction to induce intoxication but would or should not be an element in the compilation of the facts to produce a legitimate misrepresented conviction."
5) Petitioner claims that he was the victim of malicious prosecution due to the time he spent in pre-trial detention and because the mistrial was a "tactical" device.
6) Petitioner raises a *Brady v. Maryland*, 373 U.S. 83 (1963) claim, stating that the government withheld evidence favorable to the defense and the government requested a mistrial instead of disclosing the evidence.
7) Petitioner claims that he was coerced into waiving his right to a preliminary examination.
8) Petitioner claims his right to be free from self-incrimination was violated,

---

[1] The Court construes pro se litigants' pleadings liberally. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1994).

3

> because Dr. Hwang's testimony was based on Petitioner's statements to a police officer.
> 9) Petitioner claims a violation of his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966). (Doc. 1 at 3, 11-13).

Respondent contends that Petitioner failed to exhaust his available state-court remedies, with the possible exception of Ground Four. (Doc. 7 at 1). Since Respondent is unsure as to the nature of the claims raised in Ground Four, Respondent argues that the Petition could be either a "mixed petition," with both exhausted and unexhausted claims, or a petition with completely unexhausted claims. (Doc. 7 at 7-9). In the case of a "mixed petition," the Respondent asks the court to either dismiss the Petition without prejudice, or allow Petitioner to drop his unexhausted claims and only proceed in this matter with Ground Four. If the Court finds that all the claims are unexhausted, the Respondent asks the Court to dismiss the petition without prejudice, so that Petitioner can bring his claims back to state court. (Doc. 7 at 9-10).

**II.  Analysis**

   *a. Standard of Review*

"A pro se litigant's pleadings are to be construed liberally." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Despite liberal construction of a *pro se* litigant's pleadings, however, courts cannot "assume the role of advocate" for him. *Id.* Courts "are not required to fashion [a *pro se* party's] arguments for him where his allegations are merely conclusory . . . and without supporting fact[s]." *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994).

   *b. Exhaustion of State Court Remedies*

A Federal District Court may not consider the merits of a habeas petition brought pursuant to 28 U.S.C. § 2254 unless the Petitioner "has exhausted the remedies

available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). In order to exhaust state remedies, a petitioner must "properly present[ ]" the federal issue "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). Fair presentation means that the petitioner afforded the state court "one full opportunity to resolve any constitutional issues." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A petitioner has not properly exhausted his state remedies if he fails to submit those claims to the state's highest court for discretionary review. *See id.* The petitioner bears the burden of showing that he exhausted all of his claims before the highest state court. *See McCormick v. Kline*, 572 F.3d 841, 851 (10th Cir.2009).

A petition that contains only unexhausted claims can either be dismissed to allow the petitioner to return to state court to exhaust his claims, or denied on the merits, notwithstanding the petitioner's failure to exhaust his state court remedies. *Moore v. Schoeman*, 288 F.3d 1231, 1232 (10th Cir. 2002) (citing *Rose v. Lundy*, 455 U.S. 509, 510 (1982); 28 U.S.C. § 2254(b)(2)). If a petition contains both exhausted and unexhausted claims, a "mixed petition," the petitioner may either return to state court to exhaust his claims or amend and resubmit his petition to submit only the exhausted claims to the court. *Moore*, 288 F.3d at 1233 (citing *Rose*, 455 U.S. at 510). Federal "district courts may not adjudicate mixed petitions . . ." *Fairchild v. Workman*, 579 F.3d 1134, 1155-56 (10th Cir.) (quoting *Rhines v. Weber*, 544 U.S. 269, 273 (2005)). "The practical effect of this rule [is] to require the district court to carefully parse the claims in a petition to determine whether any of them ha[ve] not been properly exhausted." *Moore*, 288 F.3d at 1234.

*c. Petitioner's Claims*

Petitioner presented nine claims in his federal habeas petition. The Court will address each claim in turn.

As to Ground One, in both his appeal to the state court and his Petition in this Court, Petitioner makes an ineffective assistance of counsel claim. However, the claim presented to the NMCOA was a general ineffective assistance of counsel claim, and did not include any specific factual allegations. (Doc. 7, Ex. H). When filing the instant Petition, Petitioner "transformed his claim from one involving only general allegations" to a specific claim regarding trial counsel's decision to proceed with a mistrial. *Fairchild*, 579 F.3d 1134, 1139 (10th Cir. 2009). NMCOA was never presented with this allegation, thus this claim is unexhausted.

Petitioner did not present Grounds Two or Three on his direct appeal to the state court. Since the claims were not presented, they have not been properly exhausted.

As for Ground Four, Petitioner makes several arguments that are not entirely clear. However, as stated above, the Court will construe the pleadings liberally and will "reasonably read the pleadings to state a valid claim." *Hall*, 935 F.2d at 1110. In Ground Four, Petitioner makes three arguments under a category that he characterizes as "prejudice," which include: (1) he was "prejudiced" because he is a Mexican national; (2) there was no proof beyond a reasonable doubt that he was drunk, and (3) the extrapolation evidence should not have been used against him. Petitioner never presented his Mexican national claim to NMCOA, thus this claim is unexhausted.

Petitioner argues next that there was not proof beyond a reasonable doubt that he was drunk at the time of his accident. In his docketing statement submitted to

6

NMCOA, Petitioner states only that "[t]here must be sufficient evidence to support finding beyond a reasonable doubt of each and every element of a crime[.]" (Doc. 7, Ex. F). He argued more specifically in his memorandum in opposition that "[w]ithout the improper extrapolation testimony, there was no evidence [Petitioner] was impaired and caused the accident." (Doc. 7, Ex. H). With regard to this claim, NMCOA held that the "facts appear to support a conclusion that [Petitioner] was in unlawful operation of a vehicle – driving while under the influence of intoxicating liquor – when he killed the decedent." (Doc. 7, Ex. G). Because NMCOA specifically ruled on the issue of whether there was proof beyond a reasonable doubt that Petitioner was drunk at the time of the accident, the Court finds that this issue has been exhausted at the state court level.

For the final claim in Ground Four, Petitioner states in his brief to NMCOA that his conviction should be vacated "because the jury heard improper expert testimony on retrograde extrapolation." (Doc. 7 Ex. H). The argument presented to the state appeals court questioned the reliability of the extrapolation evidence. The claim is essentially the same in both the state court and this Court in that Petitioner is arguing that the extrapolation evidence should not have been presented to the jury. "Fair presentation of a prisoner's claim to the state courts means that the substance of the claim must be raised there." *Demarest v. Price*, 130 F.3d 922, 932 (10th Cir. 1997). The Tenth Circuit has held that "although a habeas petitioner will be allowed to present bits of evidence to a federal court that were not presented to the state court that first considered his claim, evidence that places the claims in a significantly different legal posture must first be presented to the state courts." In the instant case, Petitioner has not provided any new evidence to the federal court that was not presented to the state court and the legal

7

argument remains essentially the same. Based on these facts, the Court finds that Petitioner has exhausted his state court remedies on this claim.

As to Grounds Five through Nine, Petitioner did not present these claims in his direct appeal to the state court. The Court finds that the Petitioner has not exhausted his state court remedies for Grounds Five through Nine.

### d. Mixed Petitions

Given this Court's findings stated above, it has been presented with a "mixed petition" containing both exhausted and unexhausted claims. Since this Court cannot adjudicate unexhausted claims, Petitioner is left "with the choice of returning to state court to exhaust his claims or amending and resubmitting the habeas petition to present only exhausted claims to the district court." *Rose*, 455 U.S. at 510. However, if Petitioner chooses to assert only his exhausted claims, "he could lose the opportunity to litigate his presently unexhausted claims in federal court," because the claims could be characterized as "second and successive." *Id.* at 514; *see* 28 U.S.C. § 2244(b); *see also Tapia v. Lemaster*, 172 F.3d 1193, 1194-96 (10th Cir. 1999).

Petitioner may also choose to pursue his state court remedies for the unexhausted claims. Although the one year statute of limitations ("SOL") to file a federal habeas petition is tolled when a properly filed state habeas corpus petition is pending in state court, Petitioner should note that the one year SOL applies to all of his claims. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001). Petitioner's one year SOL began running ninety days after the New Mexico Supreme Court denied his writ on December 8, 2014. (Doc. 7, Ex. K), *Locke v. Saffle*, 237 F.3d 1269, 1273-74 (10th Cir. 2001) (citing

*Rhine v. Boone*, 182 F.3d 1153, 155 (10th Cir. 1999). Thus, Petitioner's SOL began to run on March 8, 2015.

### III.     Recommendation

For the forgoing reasons, the Court finds that Petitioner has not exhausted all of his claims in state court and therefore has submitted a mixed petition. As a result, the Court **RECOMMENDS** that the petition be **DISMISSED WITHOUT PREJUDICE**. In the event that Petitioner would like to move forward with the two exhausted claims in his Petition, he should notify the Court during the fourteen day objection period. If Petitioner does not indicate to the Court that he would like to amend his complaint, the Court will assume that he is choosing to pursue state court remedies on the unexhausted claims.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE